

FILED

**NOT FOR PUBLICATION**

MAR 25 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CAMILLUS EHIGIE,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-73753

Agency No. A070-103-916

CAMILLUS EHIGIE,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-72039

Agency No. A070-103-916

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 11, 2014[]
San Francisco, California

Before: WALLACE, McKEOWN, and GOULD, Circuit Judges.

Camillus Ehigie, a native and citizen of Nigeria, petitions for review of two Board of Immigration Appeals ("BIA") orders denying as untimely and number-barred his third and fourth motions to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. Reviewing the BIA's orders for an abuse of discretion, *see Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012), we deny both petitions for review.

The crux of Ehigie's argument, in both No. 09-73753 and No. 11-72039, is that removal proceedings should be reopened to allow him to apply for asylum, withholding, and relief under the Convention Against Torture in light of what he alleges are recently changed conditions in Nigeria that make him, as a Christian, subject to religious persecution. The BIA twice rejected this argument on the theory that conditions in Nigeria have remained largely the same since 2003.

Because substantial evidence supports the BIA's finding to that effect, the BIA did not abuse its discretion in either order. Neither Ehigie's third motion to reopen, nor his fourth, presents sufficient evidence of changed conditions in

_____

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nigeria to qualify him for the regulatory exception to the time and number limitations for filing such motions. *See* 8 C.F.R. § 1003.2(c)(3)(ii).[1]

**PETITIONS FOR REVIEW DENIED.**

---

[1] Because substantial evidence supports the BIA's finding in both No. 09-73753 and No. 11-72039 that Ehigie did not introduce previously unavailable, material evidence of changed conditions in Nigeria, we need not reach any other issue. *See id.* § 1003.2(a).